**Pigott, Ltd.**
Attorneys for Plaintiffs
Thomas D. Pigott (0062919)
2620 N. Centennial Avenue, Suite H
Toledo, Ohio 43617
Phone: (419) 776-4567
Facsimile: (419) 776-4568
Email: tpigott@pigottlaw.com

Ted J. McClain (0090081)
2620 N. Centennial Avenue, Suite H
Toledo, Ohio 43617
Phone: (419) 318-9895
Facsimile: (419) 776-4568
Email: ted.mcclain@pigottlaw.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JENNIFER ROMACK, On Behalf of Herself and All Others Similarly Situated,<br>6206 South Ave.<br>Toledo, Ohio 43615<br><br>    Plaintiffs,<br><br>vs.<br><br>**YAKIM MANASSEH JORDAN**<br>708 3rd Avenue<br>Sixth Floor<br>New York, NY 10163;<br><br>and<br><br>**MANASSEH JORDAN MINISTRIES**<br>PO BOX 3320<br>New York, NY 10163;<br><br>and<br><br>**JOHN DOE DEFENDANTS 1 – 50,**<br><br>    Defendants. | Case Number: 3:13-cv-2484<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 AND INVASION OF PRIVACY**<br><br>**Jury Demand Endorsed Hereon** |

Now comes Plaintiff, Jennifer Romack, individually and as class representative for those similarly situated, and as for her complaint against Defendants hereby states as follows:

**INTRODUCTION**

1. This lawsuit arises from the thousands of unsolicited, spam phone calls that Defendants have made, *ad nauseum*, in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227. Specifically, Defendant Yakim Manasseh Jordan, the self-proclaimed prophet, motivational speaker, CEO and author, individually and/or through one or more various entities, caused automated, prerecorded phone calls to be made to thousands of individuals' cellular telephones in the United States in violation of the Telephone Consumer Protection Act (TCPA) 47 USC § 227.

2. The Defendants' actions were widespread, willful violations of the Telephone Consumer Protection Act (TCPA) 47 USC § 227 which Plaintiff now seeks to redress individually and as a class, for the monetary damages prescribed by the TCPA and an injunction to stop future violations by Defendants as authorized by the TCPA.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this court has jurisdiction over all civil actions arising under Constitution, laws, or treaties of the United States and this matter arises under such laws. Although the TCPA does not explicitly vest jurisdiction in the Federal Courts, Federal Courts have concurrent jurisdiction with state courts over TCPA claims. *See Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012) (holding that federal and state courts have concurrent jurisdiction over private suits under the TCPA).

4. This Court also has jurisdiction under 28 U.S.C. §1332 as the matters exceeds the sum of $75,000.00 and is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Plaintiff is a resident of this judicial district and a substantial part of the events and omissions giving rise to the claims alleged occurred herein.

**PARTIES**

6.     Plaintiffs are Jennifer Romack (hereinafter "Plaintiff"), who is an individual of legal age residing at the address set forth within the caption of this complaint, and a class of known and unknown individuals similarly situated who are located throughout the United States.

7.     Upon information and belief, Defendant Yakim Manasseh Jordan ("Defendant Yakim") is an individual, citizen of the United States whose only known address is 708 3rd Ave, Sixth Floor New York, NY 10163, who owns, directs, or otherwise controls each of the purported, unverifiable and unregistered entity defendants named in this Complaint to operate his national phone call campaigns to solicit donations - the practices raised as the subject of this Complaint.  By and through the purported, unverifiable and unregistered entity defendants otherwise named herein, Defendant Yakim has harmed the Plaintiff and others similarly situated with his incessant, automated, pre-recorded phone call campaigns.  At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or otherwise participated in the acts and practices set forth in this complaint.  Upon information and belief, Defendant Yakim owns, operates or manages several purported, unverifiable, unregistered entities.  Among other responsibilities and tasks, Defendant Yakim creates and/or approves the plans and marketing materials used by the purported, unverifiable, unregistered entities, including the prerecorded messages and use of an automated dialing system.  In connection with the matters alleged herein, Defendant Yakim transacts or has transacted business in this district and throughout the United States.  Defendant Yakim is a "person" as defined by *47 U.S.C § 153 (10).*

8.     Defendant Manasseh Jordan Ministries is a purported, unverifiable, unregistered entity controlled and operated by Defendant Yakim.  At all times material to this complaint, Defendant Yakim has portrayed the existence of Manasseh Jordan Ministries as an existing entity by using the name Manasseh Jordan Ministries to: reserve rights on his website—

3

http://www.prophetmanasseh.com, market and advertise and to sell products on the aforementioned website. Defendant Manasseh Jordan Ministries is a "person" as defined by *47 U.S.C § 153 (10)*.

9. John Doe Defendants 1-50 are persons currently unknown to Plaintiff who also engaged in, and/or assisted other named Defendants in, the conduct complained of herein. Because these persons are currently unknown to Plaintiff, Plaintiff has designated these individuals or entities with the fictitious names John Doe Defendants 1-50. Plaintiff will seek leave of Court to amend the Complaint to reflect these Defendants' true names as Plaintiff becomes aware of them.

10. All of the above Defendants, collectively operate and conduct business throughout the United States, including Ohio.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS
### Defendants' Backgrounds

12. According to *prophetmanasseh.com*, Yakim Manasseh Jordan is a 21-year-old prophet based in Boston and appears weekly on BET's Morning Inspiration, a nationally syndicated television broadcast.

13. The son of self-proclaimed Prophet Bernard Jordan (who has also been cited by the FCC for violations of the TCPA), Defendant Yakim is also a self-proclaimed prophet, motivational speaker, CEO and author.

14. Defendant Yakim generates most of his personal income through donations, speaking engagements and sales of media (CDs, DVDs, Books, etc.) and other merchandise.

4

15. Should the entity Manasseh Jordan Ministries exist, Manasseh Jordan Ministries generates most of its income through donations, Defendant Yakim's speaking engagements and the sale of media (CDs, DVDs, Books, etc) and other merchandise.

16. Defendant Yakim's website, *prophetmanasseh.com*, states that the whirlwind of success that has been bestowed upon him can be directly attributed to Defendant Yakim's ambition, motivation, energy and ingenuity attendant to his being a speaker, prophet, and CEO.

### Defendants' Speaking Engagements and Connected Conduct that Violates the Telephone Consumer Protection Act

17. Defendants travel the United States, from California to Ohio, performing speaking engagements that they call the "Prophetic Fire Conference."

18. Months before each Prophetic Fire Conference, Defendants caused a prerecorded message to be sent to thousands of consumers' telephones through the use of an automated dialing system.

19. Defendants Yakim caused these automated, prerecorded messages to be sent out to the telephones of consumers located in the state where his next speaking engagement is to occur.

20. Defendants do this in order to drum up awareness of their speaking engagements and the Prophetic Fire Conference.

21. Defendants also do this to entice consumers to join their "Prayer Closet" and/or "Partner Program," where for progressively graduated sums of money one can become a "Gold," "Silver" or "Platinum" Partner of Prophet Manasseh Jordan Ministries.

22. One of the automated, prerecorded messages that Defendants cause to be sent out to thousands of people, often more than once to the same person, states as follows:

> God bless you, this is Prophet Manasseh. I'm calling you because I know that you are going through one of the most toughest times of your life and this is why I'm calling you because prayer does bring answers, prayer does bring change. I want you to call this number so that you can be a part of my prayer closet so that I can begin to start interceding for

your life. Watch just in a matter of moments how your life will change when you have people around the world praying for you. Call this number now if you're truly ready for this miracle, 1800-234-9071. Again that number is 1800-234-9071 I want you to enter the prayer closet so your life will be changed. Again that number is 1800-234-9071. See you there! God bless you!

(See audio recording of Defendants' prerecorded, autodialed phone call that was made to Plaintiff's cellular telephone which is attached hereto as "Exhibit A").

23. Shortly after Defendants complete the above message, a different individual's voice ends the recording by stating, "To be removed from our list please call 1800-318-3684. That again is 1800-318-3684."

24. An individual can not actively opt out from receiving any future phone calls during the aforementioned phone call.

25. An individual must hang up from the aforementioned phone call and call another number, that number being 1800-234-9071, in order to opt out from Defendants phone calls.

26. On August 23, 2012, Defendants contacted Plaintiff Romack on her cellular telephone, (xxx) xxx-3756, via the phone number 800-318-3684 with the above message, in an attempt to entice her to join their "Prayer Closet." (See screenshot of missed phone call which is attached hereto as "Exhibit B").

27. Defendants used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place the above call to Plaintiff.

28. Defendants left a voicemail message on Plaintiff's cellular telephone. In these messages, Defendant utilized an "artificial or prerecorded voice" as proscribed by 47 U.S.C. § 227(b)(1)(A).

29. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

6

30. Defendants' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31. Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

32. Upon information and belief, Defendants have also failed to implement and/or maintain procedures to maintain a list of the individuals who do not wish to be called by them.

33. Defendants prerecorded, autodialed messages did not, at the beginning of their message, state clearly the identity of any business or other entity that may have been responsible for the call, if any, and if a business was responsible for initiating the call, Defendants did not provide the name under which the entity is registered to conduct business which is a violation of 47 CFR 64.1200(b)(1).

### Complaints Posted Online By Those Who Have Been Receiving Defendant Yakim's Automated, Prerecorded Telephone Calls.

34. There are numerous watchdog websites that exist on the internet that monitor spam phone calls.

35. Some examples of these websites are http://www.whocalled.us; http://www.800notes.com; http://www.mrnumber.com; http://www.callercenter.com; http://www.whocallsmefromthisnumber.com; http://www.whocallsme.com.

36. Individuals who have received spam, junk and/or unsolicited phone calls are able to go on to these websites and report who is spam calling them and why so as to inform others who have received similar calls.

37. There have been a numerous amount of complaints posted on a litany of websites, all concerning the spam phone calls that they are receiving from Defendants. (See screenshots taken from one page of the website http://www.whocalled.us showing only a handful of those complaining about

7

Defendant Yakim's automated, prerecorded telephone calls, which is attached hereto and incorporated herein as "Exhibit C").

## CLASS PREREQUISITES

38. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who, within four years prior to the filing of this lawsuit, have received any telephone calls from Defendants to said person's cellular telephone, and should Defendants not be a registered non-profit organization, any phone calls that were also made to said person's residential land line, through the use of any automatic telephone dialing system or an artificial or prerecorded voice, with the aforementioned person not previously consenting to receiving such calls prior to the filing of this Complaint

39. **Numerosity:** The current number of individuals falling into this class action is currently unknown to Plaintiffs. However upon information and belief, it is clear that the class is so numerous that joinder of all members is impracticable. Plaintiff's counsel has found many individuals and has been contacted by numerous other individuals nationwide concerning Defendants and their causing automated, prerecorded telephone messages to be sent out. The current and actual number of class members can be determined through Defendants' records.

40. **Typicality:** The claims of the representative party are typical of the claims of the class. Plaintiff's claims are typical of the prospective claims of other members of the class. Plaintiffs and other members of this class were damaged by the same wrongful actions of Defendants that arose under similar circumstances and were accomplished through identical methods of operation, as Defendants conducted business with consumers uniformly.

41. **Commonality:** There are questions of law or fact common to the class. The Plaintiffs and the class' claims have common ground for multiple questions of law and fact. Important questions of law and fact exist which are common to the entire class and predominate over any questions that

8

may affect individual class members in that Defendant has acted on grounds generally applicable to the entire class; specifically Defendant engaged all members of the class in the same systematic and pervasive manner. Questions of law and fact which are common to the class include:

  A. Whether, within the four years prior to the filing of this or any other class action lawsuit alleging the same facts against Defendants, Defendants caused automated, prerecorded messages to be sent out to a Class Member in violation of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227;

  B. Whether the Defendants have failed to comply with rules and regulations prescribed under the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227;

  C. Whether Class Members are entitled to treble damages based on the willfulness of Defendants' conduct;

  D. Whether the Plaintiff and Class Members were damaged by the Defendants' conduct; and

  E. Whether Defendant should be enjoined from engaging in such conduct in the future.

42. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the members of the class, and have retained counsel who is both competent and experienced in this type of litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the class that would make class certification inappropriate. Counsel for the class will vigorously assert the claims of all class members.

43. **Superiority:** In this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, since joinder of all class members is impracticable. Furthermore, as damages suffered by individual members of the class may be relatively small, the expense and burden of individual actions makes it impossible for the class members to individually

redress the wrongs they have suffered. There will be no difficulty in managing this case as a class action.

## COUNT I
**Negligent Violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et seq.**

44. Plaintiffs hereby re-allege their previous allegations as if fully restated herein.

45. The aforementioned acts and omissions of Defendant constitute negligent violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

46. As a result of Defendants' negligent acts and omissions, Plaintiffs are entitled to Five Hundred Dollars ($500.00) per violation in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II
**Knowing and Willful Violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et seq.**

47. Plaintiffs hereby re-allege their previous allegations as if fully restated herein.

48. The aforementioned acts and omissions of Defendants constitute knowing and/or willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

49. As a result of Defendants' knowing and/or willful acts and omissions, Plaintiffs are entitled to Fifteen Hundred Dollars ($1500.00) per transaction in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

## COUNT III
**Violation of 47 CFR 64.1200(b)(1)**

50. Plaintiffs hereby re-allege their previous allegations as if fully restated herein.

51. Defendants' prerecorded, autodialed messages did not, at the beginning of their message, state clearly the identity of any business or other entity that may have been responsible for the call, if any, and if a business was responsible for initiating the call, Defendants did not provide the name under which the entity is registered to conduct business which is a violation of 47 CFR 64.1200(b)(1).

52. As a result of Defendants' conduct Plaintiffs have been damaged.

## COUNT IV
### Invasion of Privacy - Intrusion upon Seclusion

53. Plaintiffs hereby re-allege their previous allegations as if fully restated herein.

54. Defendants, without just cause or authorization, intentionally invaded the private affairs of the Plaintiffs.

55. Defendants' aforementioned invasion was offensive and unreasonable.

56. Defendants intruded upon the private matters of Plaintiffs by invading Plaintiffs' right to seclusion.

57. As a result of Defendants' conduct, Plaintiffs have been damaged.

## COUNT V
### Injunctive Relief

58. Plaintiffs hereby re-allege their previous allegations as if fully restated herein.

59. The Plaintiffs have been and continue to be irreparably damaged by the acts and conduct of Defendants complained of herein.

60. Plaintiffs seek injunctive relief preventing Defendants from currently or in the future engaging in the aforementioned conduct that violates the TCPA.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Defendants, jointly and severally, as follows:

    A. That this Court certify this action and Plaintiffs as a class;

    B. Economic damages in a currently unknown amount pursuant to 47 U.S.C. § 227, *et seq.*;

    C. Statutory damages in a currently unknown amount pursuant to 47 U.S.C. § 227, *et seq.*;

    D. Punitive damages in an amount in excess of Seven Hundred and Fifty Thousand Dollars ($750,000.00);

    E. Treble damages;

F.    Non-economic damages in a currently unknown amount;

G.    An Order enjoining each of the Defendants from continued violations;

H.    Prejudgment and post judgment interest;

I.    All costs of this action including reasonable attorneys' fees; and

J.    Any other relief this Court deems just and proper.

Respectfully Submitted:

/s/ *Thomas D. Pigott*

_____
Thomas D. Pigott (0062919)
Attorney for Plaintiffs
Pigott, Ltd.
2620 N. Centennial Road, Unit H
Toledo, Ohio 43617
Phone: (419) 776-4567
Facsimile: (419) 776-4568
Email: tpigott@pigottlaw.com

/s/ *Ted J. McClain*

_____
Ted J. McClain (0090081)
Attorney for Plaintiffs
Pigott, Ltd.
2620 N. Centennial Road, Unit H
Toledo, Ohio 43617
Phone: (419) 318-9895
Facsimile: (419) 776-4568
Email: ted.mcclain@pigottlaw.com

**JURY DEMAND**

Plaintiff demand a trial by jury of all issues so triable within cause.

/s/ *Thomas D. Pigott*
Thomas D. Pigott