IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JENNIFER ROMACK, On behalf of Herself and All Others Individually Similarly Situated,**<br><br>Plaintiffs,<br><br>vs.<br><br>**YAKIM MANASSEH JORDAN,** *et al.*<br><br>Defendants. | Case Number 3:13-cv-2484-JZ<br><br>Judge: Hon. Jack Zouhary<br><br>**ANSWER OF DEFENDANTS MANASSEH JORDAN MINISTRIES AND YAKIM MANASSEH JORDAN TO CLASS ACTION COMPLAINT**<br><br>Action Filed:  November 8, 2013 |

Defendants Manasseh Jordan Ministries and Yakim Manasseh Jordan ("Defendants") hereby answer the Complaint filed by Plaintiff Jennifer Romack ("Plaintiff") in this action. Defendants expressly deny all allegations which they do not expressly admit below.

1. Deny.

2. Deny.

3. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

4. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

5. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

2

7. Defendants admit that Yakim Manasseh Jordan has an address at 708 3rd Avenue, Sixth Floor, New York, NY. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

8. Deny.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

10. Deny.

11. Deny.

12. Defendants admit that Yakim Manasseh is a 21 year old prophet. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

13. Defendants admit that Yakim Manasseh is a prophet, motivational speaker, CEO and author, and is the son of Bernard Jordan. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

14. Admit.

15. Admit.

16. Defendants admit that Yakim Manasseh's success is due in part to his ambition, motivation, energy and ingenuity attendant to him being a speaker, prophet and CEO. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

17. Defendants admit that Yakim Manasseh travels in the United States to perform speaking engagements. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

18. Defendants admit that in the past it sent prerecorded calls to people. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

19. Defendants admit that in the past it sent prerecorded calls to people. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

20. Defendants admit that in the past it sent prerecorded calls to people. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

21. Defendants admit that they invite people to join their Prayer Closet. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

22. Defendants admit that in the past it sent prerecorded calls to people with a message similar to that set forth in paragraph 22 of the Complaint. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

23. Defendants admit that in the past it sent prerecorded calls to people with a message similar to that set forth in paragraph 22 of the Complaint, and that at the end of the call it gave people the opportunity to opt out of receiving future phone calls. Except as specifically admitted, Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

24. Deny.

25. Deny.

26. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

6202022.1

27. Deny.

28. Deny.

29. This paragraph of the Complaint states a legal conclusion and does not require a response from Defendants. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

31. Deny.

32. Deny.

33. Deny.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

38. Defendants admit that Plaintiff is bringing this action as a putative class action. Defendants deny that a class action is appropriate or will be certified.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-43 above as if fully incorporated herein.

45. Deny.

46. Deny.

47. Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-46 above as if fully incorporated herein.

48. Deny.

49. Deny.

50. Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-49 above as if fully incorporated herein.

51. Deny.

52. Deny.

53. Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-52 above as if fully incorporated herein.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Defendants incorporate by reference their answers to the allegations set forth in paragraphs 1-57 above as if fully incorporated herein.

59. Deny.

60. Deny.

61. Defendants deny each and every allegation of the Complaint not specifically admitted.

**AFFIRMATIVE DEFENSES**

Defendants assert the following defenses, each as separate and distinct defenses to Plaintiff's Complaint. Insofar as any of the following expresses denial of any element of any claim alleged against Defendants, such expression does not indicate that Plaintiff is relieved of her burden to prove each and every element of any such claims or that Defendants have assumed any burden of proof. Further, nothing in Defendants' affirmative defenses shall be construed to alter or shift to Defendants the burden of proof.

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Defendant did not place any telephone calls to Plaintiff or the putative class members without prior express consent.

3. Plaintiff and members of the putative class provided prior express consent within the meaning of 47 U.S.C. § 227(b)(1)(A) to receive the communications which they claim give rise to the allegations in Plaintiff's Complaint and, as such, their claims are barred.

4. The claims alleged by Plaintiff and on behalf of putative class members are barred because the alleged damages, if any, were caused solely by the acts, wrongs or omissions of third parties over whom Defendant had no control and for which Defendants are not responsible.

5. The claims alleged by Plaintiff and on behalf of putative class members are barred because the alleged damages, if any, were caused solely by their own respective acts, wrongs or omissions, by intervening causes, or by other persons or entities over whom Defendants had no control and for which Defendants are not responsible.

6. The request for injunctive relief is moot because the acts complained of have ceased and have no reasonable likelihood of recurring.

7. To the extent any telephone calls were placed to Plaintiff or to putative class

6

members, they were not made using an automatic telephone dialing system within the meaning of 47 U.S.C. § 227(a)(1).

8. Imposition of statutory damages would be so punitive and disproportionate to the gravity of any violations alleged in the Complaint as to amount to a violation of due process.

9. Plaintiff lacks standing to assert and maintain his claims against Defendants and to represent any putative class with regard to those claims.

10. Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pre-trial proceedings in this case, and hereby reserve the right to amend this answer and offer or assert additional defenses that cannot now be articulated because, among other reasons, Defendants have not conducted discovery.

WHEREFORE, Defendants pray that:

A. Plaintiff's Complaint be dismissed in its entirety with prejudice;

B. Plaintiff and members of the putative class take nothing by this action;

C. Defendants be awarded their expenses and costs incurred in defense of this action, including its attorneys' fees to the extent permitted by law; and

D. Defendants be awarded such other relief as the Court deems just and proper.

Dated: January 21, 2014        VENABLE LLP

By:  /s/ Michael B. Pascoe

VENABLE LLP
Daniel S. Silverman (*pro hac vice*)
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
Email:  dsilverman@venable.com

HAHN LOESER & PARKS LLP
Erica L. Calderas (0064064)
Michael B. Pascoe (0080899)
200 Public Square

        Suite 2800
        Cleveland, OH 44114
        Telephone:   (216) 274-2397
        Facsimile:    (216) 274-2597
        Email:        elcalderas@hahnlaw.com
                          mpascoe@hahnlaw.com

Attorneys for Defendants Yakim Manasseh Jordan and Manasseh Jordan Ministries

8

6202022.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2014 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

/s/ Michael N. Pascoe
*One of the Attorneys for Defendants Yakim Manasseh Jordan and Manasseh Jordan Ministries*
